UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MESSINA, on behalf of himself
and all others similarly situated,

       Plaintiff,                                    Case No.

v.                                                         Hon.

S&A SOLUTIONS, INC.,

       Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Anthony Messina ("Plaintiff"), by and through his attorneys, HURWITZ LAW PLLC, and on behalf of himself, and the Putative Classes set forth below, and in the public interest, hereby brings the following class action against Defendant S&A Solutions, Inc. ("Defendant"), pursuant to the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, and hereby alleges as follows:

1

# INTRODUCTION

1. Plaintiff applied to be a Driver for Defendant in June 2021.

2. Defendant communicated an intent to hire Plaintiff and began the onboarding process.

3. Despite Plaintiff's qualifications, and after completing much of the onboarding process, Defendant utilized information in an unauthorized third-party background report to disqualify Plaintiff's employment application.

4. Defendant failed to obtain authorization from Plaintiff to procure the report.

5. Defendant failed to review the findings of the report with Plaintiff and allow Plaintiff a chance to rebut the information in the report before declining his application—both actions are direct violations of the FCRA.

6. Recognizing that the contents of consumer reports are private, contain sensitive information, and can have a profound impact on people's lives, the United States Congress ("Congress") mandated in the FCRA requirements that information within a consumer report be set forth in a manner which is "fair and equitable to the consumer." *Id*.

7. Congress has imposed strict disclosure requirements on employers to ensure consumers are aware of their rights to dispute, control and correct information

that is used as the basis for employment decisions, as well as to protect a consumer's right to privacy.

8. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment actions such as whether a prospective employee should be hired for a position.

9. While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and notice requirements under the FCA.

10. Defendant willfully violated the FCRA by failing to provide to prospective employees a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681(b)(2)(A)(i).

11. Defendant also willfully violated the FCRA by failing to provide to Plaintiff, prior to taking adverse action based on a consumer report a: (i) copy of the consumer report; and a (ii) description in writing of the rights of the consumer.

12. Accordingly, on behalf of himself and the Putative Classes proposed herein, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and all other appropriate relief pursuant to the FCRA.

## PARTIES AND JURISDICTION

13. Individual and representative Plaintiff Anthony Messina is a resident of Mount Clemons, Michigan, which is in Macomb County.

14. Defendant S&A Solutions Inc is a recruiting company that is incorporated in Sterling Heights, Michigan, which is in Macomb County.

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims); and pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d).

16. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1392, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiff's claims took place.

## FACTUAL ALLEGATIONS

17. Defendant is a recruiting company that specializes in the recruitment of skilled trade, light industrial, technical, and professional employees.

18. In June 2021, Plaintiff applied to be a Driver for Defendant.

19. Plaintiff was qualified for the Driver position.

20. Defendant communicated an intent to hire Plaintiff.

21. Plaintiff completed most of Defendant's onboarding process.

22. Defendant then procured a third-party background report on the Plaintiff during the hiring process without his authorization.

23. 15 U.S.C. § 1681b(b)(2)(A) (hereinafter, the "disclosure requirement") provides that a person or entity may not procure a consumer report for employment purposes unless:

> (i) A clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured… in a document that consists *solely* of the disclosure that a *consumer* report may be obtained for employment purposes; and
>
> (ii) The consumer has authorized in writing… the procurement of the report by that person.

24. Defendant violated these legal obligations.

25. Defendant, in whole or in part, disqualified Plaintiff's employment application based upon information obtained in the unauthorized background report.

26. Defendant learned in the unauthorized background report that Plaintiff was convicted of a felony 18 years ago.

27. Rather than being transparent about obtaining a background report, Defendant mislead Plaintiff by providing him with an employee handbook prior to cutting ties with him.

28. Defendant never made efforts to review the findings with Plaintiff and allow him a chance to rebut the information in the report.

29. Defendant violated 15 U.S.C. § 1681b(b)(3)(A) (hereinafter, the "pre-adverse action requirement"), which dictates:

> [I]n using a consumer report for employment purposes, *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates (i) a *copy* of the report; and (ii) *a description in writing* of the rights of the consumer [to obtain and dispute information in the report]

*Tonge v. Fundamental Labor Strategies, Inc.*, 277 F.Supp.3d 809, 912-913 (2018).

30. The pre-adverse action requirement's purpose is to ensure that applicants and employees have the opportunity to "discuss reports with employers or otherwise respond *before* adverse action is taken" against them. *Id.* at 912-913.

31. Defendant deprived Plaintiff of this opportunity. Rather, it took adverse action against him without furnishing a copy of the report or a description of his rights.

32. Defendant never afforded Plaintiff the ability to dispute information in the report because it did not provide him with pre-adverse action notice.

33. Failing to provide notice of pre-adverse actions rights is the "very injury that FCRA is intended to prevent." *Id.* at 821.

34. Defendant's failure to hire Plaintiff based on information contained in his background report is an "adverse action" as the term is defined by 15 U.S.C. § 1681a(k) of the FCRA.

35. An "adverse action" includes denying an employment application. 15 U.S.C. § 1681a(k)(1)(B)(ii).

6

36. The unauthorized third-party background report was in whole or in part the basis of Defendant's adverse action.

37. During all relevant times, Defendant has obtained (and continues to obtain) unauthorized third-party background reports for employment purposes.

38. These reports are used as a basis for taking adverse action against prospective employees without complying with the FCRA.

39. The Supreme Court defined the standard for willful failure to comply with the FCRA in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007). "Willful violations include not only knowing violations … but reckless ones as well." *Id*. at 57.

40. Defendant is an established business with access to legal advice through counsel.

41. Defendant obtains consumer reports from a third-party "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

42. Defendant knows or recklessly disregards the fact that the reports that it received from the consumer reporting agency are "consumer reports" within the meaning of the FCRA, 15 U.S.C. § 1681a(d)(1).

43. Defendant cannot argue that the reports received from the consumer reporting agency are anything other than consumer reports. This is evidenced by the broad statutory definition of "consumer report," which includes "any…

7

communication of information by a consumer reporting agency bearing on a consumer's character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes…" 15 U.S.C. § 1681a(d)(1).

44. Plaintiff has suffered actual damages as a result of these violations. Not only has Plaintiff suffered lost an employment opportunity, but also financial and mental anguish.

45. As such, Plaintiff and the Putative Class members are entitled to, among other damages and remedies, $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681

## CLASS ACTION ALLEGATIONS

46. Plaintiff asserts his claim in Count One on behalf of the "Improper Disclosure Class," defined as follows:

> **Improper Disclosure Class:** All prospective employees of Defendant in the United Stated who were the subject of a consumer report that was procured (or caused to be procured) by Defendant. The Improper Disclosure Class consists of all persons, defined in the previous sentence, who were the subject of a consumer report that was procured by Defendant from five (5) years prior to the filing of this Complaint until the date of final judgment in this action.

47. Plaintiff asserts his claim in Count Two on behalf of the "Adverse Action Class," defined as follows:

8

> **Averse Action Class:** All prospective employees whom Defendant took adverse action against by denying employment with Defendant, based in whole or in part, on information contained in a consumer report. The Adverse Action Class consists of all persons, defined in the previous sentence, whom Defendant took adverse action against from five years prior to the filing of this until the date of final judgment in this action.

48. **Numerosity**. The Putative Classes are so numerous that joinder of all Class members is impracticable. Defendant regularly fails to provide prospective employees a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. Defendant also fails to provide prospective employees, prior to taking adverse action, based in whole or in part on a consumer report a: (i) copy of the consumer report; and (ii) description in writing of the rights of the consumer. Upon information and belief, in excess of one thousand of Defendant's prospective employees satisfy the definition of the Putative Classes.

49. **Typicality**. Plaintiff's claim is typical of the members of the Putative Classes. Defendant typically does not provide to prospective employees a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. Defendant typically does not provide to prospective employees, prior to taking adverse action, based in whole or in part on a consumer report, a copy of the consumer report, or a description in writing of the rights of the consumer. The FCRA

violations suffered by Plaintiff is typical to those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

50. **Adequacy.** Plaintiff is an adequate representative of the Putative Classes. Mr. Messina's interests are aligned with, and are not antagonistic to, the interests of the members of the Putative Classes. Plaintiff has retained counsel competent and experienced in complex class action litigation.

51. **Commonality**. Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

    a. Whether Defendant fails to provide to prospective employees in a document a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes;

    b. Whether Defendant violated the FCRA by failing to disclose in a document in a clear and conscious disclosure that it would be obtaining a consumer report for employment purposes;

    c. Whether Defendant fails to first provide prospective employees with a copy of the report upon which it intends to take adverse action, prior to taking adverse action.

  d. Whether Defendant fails to first provide prospective employees with a copy of the report upon which it intends to take adverse action, prior to taking adverse action;

  e. Whether Defendant violated the FCRA by failing to first provide a description in writing of the rights of the consumer under the FCRA, prior to taking adverse action;

  f. The proper measure of statutory damages and punitive damages; and

  g. The proper form of injunctive and declaratory relief.

52. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a part to such action, impeding their ability to protect their interests.

53. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

54. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods of the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendants, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

55. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT I
## FAILURE TO MAKE PROPER DISCLOSURE
## PRIOR TO PROCURING A CONSUMER REPORT
## IN VIOLATION OF THE FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i)
**(Asserted on behalf of Plaintiff and the Improper Disclosure Class)**

56. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

57. Plaintiff is a "consumer" as defined by the FCRA.

58. Defendant is a "person" as defined by the FCRA.

59. Defendant used a "consumer report" as defined by the FCRA.

60. Defendant violated the FCRA by failing to disclose in a clear conspicuous writing, in a document that consists solely of the disclosure, to Plaintiff and similarly situated Improper Disclosure Class Members, that Defendant was obtaining a consumer report. *See* 15 U.S.C. § 1661b(b)(2)(A)(i).

61. The foregoing violations were willful. Defendant knew that it was required to disclose in a clear and conspicuous writing, in a document that consisted solely of the disclosure, its intent to procure a consumer report or cause a consumer report to be procured, and acted in a deliberate or reckless regard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1661b(b)(2)(A)(i).

62. Plaintiff and the Improper Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(l)(A).

63. Plaintiff and the Improper Disclosure Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

64. Plaintiff and the Improper Disclosure Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

65. As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff has suffered emotional and physical distress, feelings of depression, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

66. As a further and direct proximate result of Defendant's violation of the FCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## COUNT II
### FAILURE TO COMPLY WITH PRE-ADVERSE ACTION REQUIREMENTS OF THE FCRA
**15 U.S.C. §§ 1681b(b)(2)(A)(i) AND 15 U.S.C. §§ 1681b(b)(2)(A)(ii)**
(Asserted on behalf of Plaintiff and the Adverse Action Class)

67. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

68. Plaintiff is a "consumer" as defined by the FCRA.

69. Defendant is a "person" as defined by the FCRA.

70. Defendant used a "consumer report" as defined by the FCRA.

71. Defendant violated the FCRA by failing to, before taking adverse action against Plaintiff and similarly situated members of the Adverse Action Class, provide a copy of the consumer report which it, based in whole or in part, based its adverse action. 15 U.S.C. § 1681b(b)(3)(A)(i).

72. Defendant further violated the FCRA by failing to, before taking adverse action, disclose in writing to Plaintiff and similarly situated members of the Adverse Action Class a description of their rights prior to taking adverse action. 15 U.S.C. § 1681b(b)(3)(A)(ii).

73. The foregoing violations were willful. Defendant knew that it was required to disclose to persons the information and rights set forth in the above paragraphs, and instead acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other Class members as required pursuant to 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

74. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every one of these violations, pursuant to 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

75. Plaintiff and the Adverse Action Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

76. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

77. As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff has suffered emotional and physical distress, feelings of depression, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

78. As a further and direct proximate result of Defendant's violation of the FCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Anthony Messina requests the following relief from this Court against Defendant:

(A) Determine that this action may proceed as a class action under Rule 23(b)(1), (2) and

(B) Declare that the aforementioned practices and actions of Defendants constitute unlawful violations of the FCRA, 15 U.S.C. § 1681a *et seq*.

(C) Declare that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

(D) Award Plaintiff compensatory, economic, and noneconomic damages in whatever amount Plaintiff is found to be entitled, including all lost wages and benefits, past and future, in whatever amount he is found to be entitled;

(E) Award Plaintiff compensatory damages for monetary and nonmonetary loss in whatever amount he is found to be entitled;

(F) Award Plaintiff exemplary and punitive damages in whatever amount he is found to be entitled;

(G) Award Plaintiff reasonable attorney's fees, costs, and interests; and

(H) Award such other relief as this Court deems just and proper.

Respectfully Submitted,

HURWITZ LAW PLLC

 /s/  Noah S. Hurwitz

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com

Dated: April 4, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY MESSINA, on behalf of himself
and all others similarly situated

       Plaintiff,                                     Case No.

v.                                                       Hon.

S&A SOLUTIONS, INC.,

       Defendants.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff Anthony Messina, by and through his attorneys, HURWITZ LAW PLLC, and on behalf of himself, and the Putative Classes set forth, hereby demands a trial by jury of the issues in the above-captioned cause of action.

                                                      /s/ *Noah S. Hurwitz*

                                                      Noah S. Hurwitz (P74063)
                                                      HURWITZ LAW PLLC
                                                      *Attorneys for Plaintiff*

Dated: April 4, 2022